```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

WILLIAM J. HEINRICHS,              :
     Plaintiff,                    :
                                   :
v.                                 :    Civil No. 3:04cv1499 (JBA)
                                   :
MICHAEL KOZLOWSKI and              :
THOMAS WRIGHT,                     :
     Defendants.                   :
```

**<u>Ruling on Defendants' Motion for Summary Judgment [Doc. # 34]
 and Plaintiff's Motion to Amend Complaint [Doc. # 35]</u>**

Plaintiff William J. Heinrichs ("Heinrichs") has sued Michael Kozlowski, the Deputy Fire Marshal of the Town of Cheshire, Connecticut ("Kozlowski"), and Cheshire police officer Thomas Wright ("Wright"), alleging that they violated his Fourth Amendment right against unreasonable search and seizure[1] on December 18, 2003 when they, along with non-party Cheshire firefighters, entered plaintiff's building to extinguish a chimney fire. See Complaint, Notice of Removal [Doc. #1]. Defendants move for summary judgment, and plaintiff, who acknowledges that he "sued the wrong person [Kozlowski]," Pl. Brief in Opp. to Mot. for Summary Judgment [Doc. # 36] at 2, moves to amend his complaint.  Oral argument on both motions was held on May 4, 2006.  For the following reasons, defendants' motion is granted and plaintiff's motion is denied as futile.

---

[1] Plaintiff's complaint also asserts a claim for negligence, which he has abandoned. See Pl. Brief in Opp. to Mot. for Summary Judgment [Doc. # 36] at 3.

1

**I.     Factual Background**

On December 18, 2003, at approximately 3:00 a.m., plaintiff was inside a residential building he owned at 93 Main Street in Cheshire, Connecticut.  The building, which had been built in 1771, was undergoing extensive renovation and was gutted inside. Because it had no latch, the front door was nailed closed with a piece of wood.  Plaintiff had built a fire in a fireplace in the "library" of the building, using "construction debris" wood and "wood from the yard."  Heinrichs Deposition, Def. L.R. 56(a)1 Stmt. [Doc. # 34-7] at 17.  At 3:22 a.m. the Cheshire police dispatcher received a 9-1-1 call about a chimney fire at 93 Main Street.  See  Affidavit of William Hertzman, Def. L.R. 56(a)1 Stmt. [Doc. #34-6] at Ex. A.

Officer Wright was the first to arrive at the building.  He reported to the firefighters who arrived "that he had not found an occupant at the time."  Herzman Aff. ¶ 7.  Wright then went to the back of the house, saw Heinrichs, and tapped on the window with his flashlight.  Heinrichs Dep. at 18.  Heinrichs looked out the window, saw Wright's badge, and went out the back door to meet him at the side of the house.  Id. at 19.  Wright informed plaintiff that there was a call about a chimney fire in his building.  Id. at 20.  Plaintiff states that, at that moment, he and Wright looked around outside and did not see anything, "no smoke, no heavy amount of smoke, no flames, no sparks, no

2

nothing." Id.  Plaintiff then invited Wright inside through the back door, but Wright did not follow him in.  Id. at 20-21.  Instead, within a few minutes, plaintiff, sitting in the library, heard the front door being forced open.  Id. at 21-22.

When the firefighters, including Captain William Herzman and Patrick Dempsey, arrived, they saw a profusion of embers and sparks spouting from plaintiff's chimney onto the roof shingles, indicating to them as firefighters that the chimney was on fire and the structure at risk.  Aff. of Patrick Dempsey, Def. L.R. 56(a)1 Stmt. [Doc. # 34-4] ¶ at 4; Herzman Aff. at ¶ 4.  "A chimney fire occurs when debris is burning within the chimney flue.  Chimney fires can damage the inside of the chimney, and if there is a breach in the chimney wall, the fire can spread from inside the chimney flue to the combustible wood frame of the house."  Herzman Aff. at ¶ 5.

One group of firefighters put up ladders and climbed to the roof, removed the cuppola, and "observed the glow of an active fire inside the chimney on the shelf above the damper."  Dempsey Aff. at ¶ 6.  They threw fire extinguishing powder onto the embers and broke up the fire using a metal bar swinging from a chain.  Id. at ¶ 7.  Meanwhile, another group of firefighters led by Deputy Fire Chief Don Youngquist shoveled the burning wood out of the fireplace, put the wood in a metal pail, dumped the contents of the pail onto plaintiff's front lawn, and hosed it

down with water. Herzman Aff. at ¶

Plaintiff became angry at the firefighters and asked them "What the f[---] are you doing?" Heinrichs Dep. at 26. He threatened to take photos of them, at which point Wright asked him to leave the room. Id. at 30. Plaintiff said, "Excuse me?" and Wright responded, "If you do not leave the room, I'll have to restrain you." Id. Plaintiff left the library and "kept [his] mouth shut," id. at 35, and was not restrained.

When Kozlowski arrived, firefighters already were up on the roof and the firebox had been cleaned. Aff. of Michael Kozlowski, Def. L.R. 56(a)1 Stmt. [Doc. # 34-5] at ¶¶ 5, 7. He attempted to ask Heinrichs some standard questions to fill out an incident report, but Heinrichs refused to give his name, "was upset and his tone was belligerent," and would not listen to Kozlowski's explanation "that there had been a fire in the chimney" and "what steps had been taken to extinguish the chimney fire," so Kozlowski left after 10-15 minutes. Id. at ¶¶ 9-12.

Henrichs now seeks damages for emotional distress and the cost of cleaning up the building after the firefighters, approximately $300-400.

## II. Motion for Summary Judgment

### A.   Standard

Summary judgment is appropriate under Federal Rule of Civil Procedure 56(c) when the moving party establishes that there is

no genuine issue of material fact to be resolved at trial and that the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317 (1986).  Materiality is determined by the substantive law that governs the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  In this inquiry, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  Id.  "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant's burden of establishing that there is no genuine issue of material fact in dispute will be satisfied if he or she can point to an absence of evidence to support an essential element of the non-moving party's claim.  Celotex, 477 U.S. at 322-23.  "A defendant need not prove a negative when it moves for summary judgment on an issue that the plaintiff must prove at trial.  It need only point to an absence of proof on plaintiff's part, and, at that point, plaintiff must 'designate specific facts showing that there is a genuine issue for trial.'"  Parker v. Sony Pictures Entm't, Inc., 260 F.3d 100, 111 (2d Cir. 2001), quoting Celotex, 477 U.S. at

324; see also Gallo v. Prudential Residential Servs., 22 F.3d 1219, 1223-24 (2d Cir. 1994) ("[T]he moving party may obtain summary judgment by showing that little or no evidence may be found in support of the nonmoving party's case."). The non-moving party, in order to defeat summary judgment, must then come forward with evidence that would be sufficient to support a jury verdict in his or her favor. Anderson, 477 U.S. at 249 ("[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."). In making this determination, the Court draws all reasonable inferences in the light most favorable to the party opposing the motion. Matsushita, 475 U.S. at 587. However, a party opposing summary judgment "may not rest upon the mere allegations or denials of the adverse party's pleading," Fed. R. Civ. P. 56(e), and "some metaphysical doubt as to the material facts" is insufficient. Id. at 586 (citations omitted).

**B.  Discussion**

    **1.  Defendant Kozlowski**

Plaintiff acknowledges that Deputy Fire Marshall Kozlowski bears no responsibility for the acts complained of in this case, see Pl. Brief in Opp. to Mot. for Summary Judgment [Doc. # 36] at 2 (plaintiff "sued the wrong person"), and therefore the motion for summary judgment is granted as to Kozlowski.

### 2.  Defendant Wright

Plaintiff's remaining claim is that Officer Wright failed to prevent the non-party firefighters from violating his Fourth Amendment rights by entering his home without consent or a warrant.  Plaintiff argues that summary judgment is inappropriate on this claim because there is a dispute of material fact concerning whether a chimney fire existed.  The Court disagrees that the record shows a genuine dispute of this material fact.  Heinrichs states that he did not see any heavy smoke or sparks emanating from his chimney when he went outside with Officer Wright, but plaintiff has not shown that he was outside at the time the firefighters arrived and made their observations, and plaintiff conceded at oral argument that he could not make such a showing based on the record evidence in this case.  Heinrichs therefore has not shown himself to have been making his chimney observations at the same time as the firefighters so as to be able to dispute the firefighters' testimony of what they were observing when they acted.  Thus, the undisputed evidence is that when the firefighters arrived in response to a 9-1-1 call reporting a chimney fire in the building, they saw from the front of the building that the chimney was sparking and spouting embers, which to them -- as trained firefighters -- indicated the

existence of a chimney fire.[2]

In the absence of any disputed material facts, the legal question presented is whether Wright violated plaintiff's Fourth Amendment rights by permitting the firefighters to enter plaintiff's house by forcing open the front door and by failing to intercede as the firefighters took steps to extinguish the fire, creating a mess in plaintiff's building in the process.

Warrantless entry into a home[3] is unreasonable, absent consent or exigent circumstances.  Steagald v. United States, 451 U.S. 204, 216 (1981) ("[W]arrantless searches of a home are impermissible absent consent or exigent circumstances..."); Payton v. New York, 445 U.S. 573, 586 (1980) ("It is a basic principle of Fourth Amendment law that searches and seizures inside a home without a warrant are presumptively unreasonable.") (internal citation and quotation marks omitted).  Plaintiff

---

[2]Plaintiff argued that the observation of sparks and embers emitting from the chimney at one point in time, and the observation of no such activity only minutes before, supports the inference that no chimney fire existed.  The undisputed fact that a chimney fire was actually found when the firefighters climbed onto the roof leaves plaintiff's proposed interpretation entirely speculative and unsupported.

[3]Plaintiff was not actually living at 93 Main Street when the fire occurred; that building was under renovation and he was living in rented quarters next door at 97 Main Street.  Heinrichs Dep. at 12.  Since the nature of plaintiff's interest in the premises has not been put in issue by defendants' motion, the Court will assume for present purposes that Henrichs had a sufficient expectation of privacy in 93 Main Street to assert a Fourth Amendment claim for the firefighters' entry into that building.

properly conceded at oral argument that if a firefighter had a 9-1-1 report of a chimney fire, and saw sparks and ash coming from the chimney, which indicated the existence of a chimney fire to him, such a situation would constitute exigent circumstances justifying warrantless entry to extinguish the fire.  The Supreme Court has held that "[a] burning building clearly presents an exigency of sufficient proportions to render a warrantless entry 'reasonable.'  Indeed, it would defy reason to suppose that firemen must secure a warrant or consent before entering a burning structure to put out the blaze."  Michigan v. Tyler, 436 U.S. 499, 509 (1978).

Here, the firefighters were confronted with their own observations of a likely chimney fire, confirming the 9-1-1 report.  The firefighters knew chimney fires to be dangerous because they pose a risk to the structure.  Based on the facts known and observed by the firefighters at the time, exigent circumstances existed that justified forcing their way in through the front door.  Plaintiff further acknowledged at oral argument that if the firefighters lawfully entered the building under exigent circumstances, Officer Wright cannot be held liable, as a matter of law, for failing to prevent their entry.  Because the firefighters violated no constitutional right of Heinrichs, there can be no legal or factual basis for finding that Wright violated plaintiff's Fourth Amendment rights by failing to deter the

firefighters' warrantless entry.[4]

In his opposition to the summary judgment motion plaintiff also claimed that Wright, once inside, committed a separate Fourth Amendment violation by failing to stop the firefighters from emptying the fireplace of burning lumber, or, as plaintiff describes, "shoveling ashes out of the ... fireplace and scattering them about." Pl. Brief in Opp. to Mot. for Summary Judgment at 7.  However, at oral argument plaintiff revised his position and recognized that the conduct of the firefighters once inside the building is viewed in terms of the permissible scope of the entry and does not give rise to a separate constitutional violation.  Here, the exigent circumstances that justified the firefighters' entry into plaintiff's building to extinguish the chimney fire also justified the fire suppression and prevention measures taken, sloppy or otherwise.  Plaintiff's testimony that the firefighters left "soot" in the room necessitating sweeping, mopping and dusting his computers, see Heinrichs Dep. at 48, does not show them to have exceeded the scope their permissible entry and thus no constitutional liability attaches.  Accordingly, Wright could not have violated plaintiff's Fourth Amendment

---

[4]Further, as both parties agreed at oral argument, if the entry of Herzman and the other firefighters was effected lawfully pursuant to exigent circumstances, there is no need to reach the issue of consent raised in plaintiff's brief (i.e. whether his consent to Wright's entry was limited to the back door), and thus the Court does not address the issue.

rights by failing to deter the firefighters' activities.

For these reasons, the motion for summary judgment will be granted as to defendant Wright.

**IV.  Motion to Amend**

Plaintiff moves to amend his complaint to "substitute" Herzman and Dempsey, the firefighters, as defendants in this action.  See Mot. to Substitute Def. and Amend Compl. [Doc. # 35].  Plaintiff represents that he did not know the true identity of the firefighters who entered his home until these individuals filed affidavits in support of the summary judgment motion in this case.  Id. at 1.  Defendants oppose the motion [Doc. # 37].

**A.   Standard**

After a responsive pleading has been filed, "a party may amend [its] pleading only by leave of the court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  "Parties are generally allowed to amend their pleadings absent bad faith or prejudice."  Commander Oil Corp. v. Barlo Equip. Corp., 215 F.3d 321, 333 (2d Cir. 2000) (internal citation omitted).  In exercising its broad discretion in this regard, the Court takes into account considerations of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and

futility of amendment.  See <u>Local 802 Assoc. Musicians of Greater New York v. Parker Meridien Hotel</u>, 145 F.3d 85, 89 (2d Cir. 1998) (citing <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962)).

**B.   Discussion**

Even though plaintiff has not attached his proposed amended complaint to his motion, articulating specifically the basis of his claims against the proposed substitute defendants, in deciding this summary judgment motion the Court has held that Herzman did not violate plaintiff's Fourth Amendment rights because exigent circumstances justified his warrantless entry into plaintiff's building, and therefore any § 1983 claim against him would be futile.  Dempsey never entered the building; he only went up on the roof.  Because the claims in the complaint are directed only at the entry into the building through the boarded-up front door, substituting Dempsey, who never entered, as a defendant in this case would be futile in that respect.  Even if allegations of failure to prevent Herzman's entry were made, they are untenable for the same reasons the Court has granted judgment in favor of Wright.  Therefore plaintiff's motion to amend must be denied under Rule 15.

**V.   Conclusion**

Accordingly, plaintiff's Motion to Substitute Defendant and Amend Complaint [Doc. # 35] is DENIED, defendants' Motion for Summary Judgment [Doc. # 34] is GRANTED, and the Clerk is

directed to close this case.

                                        IT IS SO ORDERED.

                                        /s/
                                    _____
                                    JANET BOND ARTERTON
                                    United States District Judge

**Dated at New Haven, Connecticut, this 4th day of May, 2006.**